**IT IS ORDERED as set forth below:**

**Date: June 11, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| **EMILY ANNE DUBREUIEL,** | : | **19-58417-LRC** |
| Debtor. | : | CHAPTER 7 |
| **NEIL C. GORDON,**<br>Chapter 7 Trustee for the Estate of<br>Emily Anne Dubreuiel, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| v. | : | **19-05305-LRC** |
| **DONNIE DUBREUIEL, a.k.a.<br>DONALD DUBREUIEL and<br>EMILY ANNE DUBREUIEL,** | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND**

Before the Court is a *Motion for Leave to Amend [Defendant's] Answer to Add Affirmative Defenses* (Doc. 16) (the "Motion"), filed by Donald Dubreuiel ("Defendant").

Neil Gordon, Chapter 7 Trustee ("Plaintiff") of the estate of Emily Anne Dubreuiel ("Debtor"), opposes the Motion.

I. Background

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 19-58417-LRC, Doc. 1). Plaintiff filed an adversary complaint (the "Complaint") seeking avoidance and recovery of the transfer of Debtor's interest in 2536 Kachina Trail, Dacula, Georgia 30019 (the "Property") pursuant to 11 U.S.C. § 547. (Doc. 1). Defendant's answer ("Answer") contained no affirmative defenses. *Id*. Plaintiff filed a Motion for Partial Summary Judgment (the "Plaintiff's MPSJ," Doc. 7). In response, Defendant filed a Cross Motion for Partial Summary Judgment (the "Defendant's Cross Motion," Doc. 10) and Memorandum of Law in Support of Motion for Summary Judgment (the "Brief in Support of Defendant's Cross Motion," Doc. 10-2). In the Brief in Support of Defendant's Cross Motion, Defendant raised affirmative defenses, citing § 547(c)(1) and § 547(c)(2). *Id*. at 6.

The Court denied Plaintiff's MPSJ as well as Defendant's Cross Motion (the "Order," Doc. 13). In the Order, the Court noted that it would not consider whether Defendant was entitled to summary judgment based on affirmative defenses that were not pled in the Answer. *Id*. at 20. Subsequently, Defendant filed the Motion seeking leave to amend the Answer to add the affirmative defenses previously relied upon in the Brief in Support of Defendant's Cross Motion. For the reasons stated below, the Motion will be granted in part.

II. Leave to Amend Standard

Federal Rule of Civil Procedure 8(c) [1] provides that a party responding to a pleading "must affirmatively state any avoidance or affirmative defense." Generally, a party's failure to plead an affirmative defense results in waiver of that defense. *See Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1287 (11th Cir. 2000). However, a party may seek to amend its pleading according to Federal Rule of Civil Procedure 15(a), which states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," and, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In applying Rule 8(c), the Court "must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988). The Supreme Court explains that the rule's goal is "to give the opposing party notice" and "a chance to argue." *Blonder-Tongue Labs. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971). Specifically, a plaintiff is not prejudiced when a defendant fails to include a defense in its answer but notes such defense in its motion for summary judgment "long before any trial date." *Proctor v. Fluor Enters.* 494 F.3d 1337, 1352 (11th Cir. 2007). Because courts favor

---

[1] Fed. R. Civ. P. 8 and 15 are made applicable to this proceeding by Fed. R. Bank. P. 7008 and 7015 respectively.

deciding issues on the merits, notice that does not strictly comply with the technicalities of pleading rules may satisfy the purpose underlying Rule 8(c).  *See Grant v. Preferred Research, Inc.*, 885 F.2d 795, 789 (11th Cir. 1989) (finding the district court correctly addressed a statute of limitations issue on the merits rather than on technicalities where defendant raised the issue one month before trial in a motion for summary judgment because plaintiff was "fully aware" that defendant intended to rely on such defense). Indeed, "where a matter is raised in the trial court in a manner that does not result in unfair surprise… technical failure to comply precisely with Rule 8(c) is not fatal."  *United States v. Shanbaum*, 10 F.3d 305, 312 (5th Cir. 1994) (citing and quoting *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986)).

   III.    Discussion

Plaintiff claims that this Court should deny leave because Defendant did not respond to its requests for settlement negotiations or mediation after the Court entered its Order. (Doc. 17, at 2).  However, for purposes of Rule 8(c), Plaintiff cannot claim that he was prejudiced by Defendant's delayed response.  While Plaintiff is correct that Defendant waited four months to seek leave, it is also the case that Plaintiff was on notice that Defendant planned to argue his stated defenses.  *Id*.  As noted above, Rule 8(c) means to protect parties from unfair surprise.  The Brief in Support of Defendant's Cross Motion gave Plaintiff just notice.  (Doc. 10-2, at 6).  Further, the Order also noted that the Court would address Defendant's request for leave to amend the Answer if or when the time

arrived. (Doc. 13, at 20). Consequently, the Court finds that amendment would not be prejudicial to Plaintiff.

Citing *Hall v. United Insurance Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004), Plaintiff argues that the Court should deny the Motion because Defendant's defenses are futile. The Court agrees with Plaintiff that the Motion fails to demonstrate how Defendant's "ordinary course of business" defense could prevail under the facts of this case. However, while the court in *Hall* agreed that proposed amendments were futile where they were subject to dismissal as a matter of law, here the Court is not prepared to conclude that Defendant cannot prevail on his "new value" defense. Defendant appears to assert that Debtor's interest in the Property was transferred in exchange for Defendant's agreement to make increased support payments, noting that support payments from Defendant to Debtor would have been lower had Debtor kept her interest in the Property. (Doc. 10, at 2). The Court need not make a final determination at this time whether the evidence would support such a claim or whether such defense would succeed. Without ruling on its merits, the Court does not find this affirmative defense futile.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant may amend his Answer to include the "new value" defense, and

IT IS ORDERED that Defendant's Motion for Leave to Amend is **GRANTED** in part and **DENIED** in part.

### END OF DOCUMENT

**Distribution List**

Neil C. Gordon, Chapter 7 Trustee
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363-1031

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Charles C. Black
Charles Black Law, LLC
Suite 100
231 Maxham Road
Austell, GA 30168

Donnie Dubreuiel
2536 Kachina Trail
Dacula, Ga 30019

Kevin J. Pratt
Kevin J. Pratt , PC
Suite D
3461 Lawrenceville-Suwanee Road
Suwanee, GA 30024

Emily Anne Dubreuiel
3544 Lynley Mill Lane
Dacula, GA 30019